[No. 39769. Department One. March 27, 1969.]

JOSEPH PAGLIARO et al., *Plaintiffs*, v. WAYNE MAPLES et al., *Respondents*, D. V. KLIER et al., *Appellants.**

*Clifford C. Benson* and *George R. Stege, III,* for appellants.

*Rutherford, Kargianis & Austin* and *Don M. Guilliford,* for respondents.

*Reported in 452 P.2d 727.

JOHNSEN, J.†—Mr. Maples built an apartment house. The masonry work was done for him by Mr. Klier. A few months after the apartment house was completed, Maples began receiving complaints that the fireplace in one of the units was smoking. Klier made several alterations, including the installation of a venting ash dump, which seemed to rectify the problem. Maples then sold the apartment to Mr. Pagliaro, representing through an agent that the fireplaces were in good working order. After the purchase, the fireplaces continued to smoke.

Pagliaro brought an action for damages against Maples for misrepresentation. Maples filed a cross complaint against Klier alleging negligence and breach of warranty. Pagliaro recovered $1,500 from Maples, who in turn recovered the same amount from Klier. Klier has appealed from the second part of that judgment only.

■ Portions of the trial court's findings of fact to which appellant assigned error are as follows:

### III.

That the fireplaces did "smoke" and substantial problems existed in connection with their use. That the defendants Maples had communicated the existence of the problem to the additional party defendant Klier and the additional party defendant Klier had attempted various remedies for the "smoking" problem and said additional party defendant Klier assured the defendant Maples that the "smoking" problem had been corrected.

### V.

That the cost of repairing the fireplaces and chimneys, in an effort to remedy said defect, is the approximate reasonable sum of $1,550.00 . . . [The correct amount is conceded to be $1,500.]

### VII.

That the additional defendant Klier, as the masonry contractor who, pursuant to a contract with the defendants Maples, constructed the fireplaces and chimneys in said building, did so in an unworkmanlike or negligent manner so that the above mentioned defects existed.

---

†Judge Johnsen is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

If these findings were supported by substantial evidence, they would sustain a recovery for breach of warranty. *Hoye v. Century Builders, Inc.*, 52 Wn.2d 830, 329 P.2d 474 (1958).

■ There seems to be little doubt that Maples believed the fireplaces to be in working order at the time of the sale and similarly when the representations were made by his agent. The fact that he was satisfied with the work does not prevent recovery for defects which he thought had been corrected, but in fact had not. He had been assured by appellant that certain alterations should correct the problem. Furthermore, the court found, "That the defendants Maples themselves believed the fireplaces at the time of the sale to be in good working order." Appellant assigned no error to this finding, and it must be accepted as an established fact. ROA 43, RCW vol. 0.

■ Appellant argues that the smoking problem was not caused by his workmanship but by the air-tight construction of the building which prevented proper ventilation. The trial court heard conflicting testimony from two disinterested witnesses who were experienced in masonry and had examined the fireplace in question. He was persuaded that the problem was not caused by the building construction but by appellant's use of insufficiently large flue liners in the chimney. There is substantial evidence in the record to support its finding in this regard and we will not disturb it. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959).

Finally appellant contends that the amount of damages is unsupported by the evidence. The trial court's determination that the flue liners would have to be replaced was based upon the inadequacy of the remedies previously employed and the unsatisfactory solution of opening windows each time a fire was built. As to the amount of damages, one of the masonry contractors testified that it would cost a maximum of $1,500 to replace the flue liners. He had been in the business for nearly 30 years, and the trial court was entitled to accept his estimate.

The judgment is affirmed.

WEAVER, HALE, NEILL, and McGOVERN, JJ., concur.